[No. 3,194.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* TERESA KEANE.

Identity and Ownership of Stolen Goods.—Where, on the trial of K. for the larceny of certain articles of clothing, M. testified that she had lost the articles mentioned in the indictment, and that the stolen goods were hers, and B. testified that while tracking K. on the morning of the theft, he had found a bundle containing the articles named in the indictment: *Held*, that the evidence sufficiently established the ownership and identity of the stolen property.

Appeal from the County Court of Santa Clara County.

The indictment charges the defendant with the larceny of one silk dress, one merino dress, three pairs of lace curtains, three table spoons, one carving knife, steel, and fork; five table knives, and a certain number of pieces of money of the value of seventy-nine dollars and twenty-five cents, the property of Robert McPhearson and Jennie McPhearson, his wife. At the trial, a policeman named Bellows testified that on the morning the theft was committed, he met the defendant on the alameda coming from towards Santa Clara, where the McPhearsons live, and where the larceny was committed, and while tracking her back he found a bundle containing the articles named in the indictment.

The defendant was convicted, and the people appealed from an order granting her a new trial.

The other facts are stated in the opinion.

*J. L. Love, Attorney General,* for Appellants.

*Bodey & Rankin,* for Respondent.

By the Court, WALLACE, C. J.:

The prisoner was tried for the crime of grand larceny and a verdict of guilty found by the jury. Upon her motion, the Court set aside the verdict and granted her a new trial, on the ground that there was no evidence that the goods referred to by the witness Bellow were stolen, or were the goods of McPhearson, or wife, and that in the evidence as given there was no identification of the stolen goods. Mrs. McPhearson, however, testified distinctly that the stolen goods were hers. She also testified that the goods she lost by the larceny were those mentioned in the indictment. It also distinctly appears in the statement that the bundle of articles which Bellow found " contained the articles named in the indictment," except the merino dress, which Mrs. McPhearson wore at the trial.

It is not claimed that there was any conflict in the evidence—indeed, there was no evidence offered on the part of the accused; the case went to the jury entirely upon the evidence given on behalf of the people, and it sufficiently established the ownership and identity of the stolen goods.

The order granting the prisoner a new trial is therefore reversed and the cause remanded, with directions to the Court below to proceed to judgment upon the verdict.

Mr. Justice BELCHER did not participate in this opinion.